{¶ 32} I would reverse and remand on the basis of the first assignment of error: the arresting officer lacked a reasonable basis to perform field sobriety tests.
 {¶ 33} First, the majority overstates the number of Evans factors actually found by Sgt. Dunbar in his examination of Mr. Penix, prior to administering the field sobriety *Page 12 
tests in question. He was certainly speeding; he admitted to consuming a couple of beers, and there was a smell of alcohol; it was 1:51 a.m. on a Thursday morning. Admission to drinking, and time of day, are, self-evidently, the least important of the factors: it is perfectly legal to drink and drive in Ohio; and, many counties allow bars to remain open until the wee hours of the morning. It is illegal to drive impaired, or with an excessive BAC level. If the General Assembly wishes to ban drinking in public establishments, it can and should do so. In the meantime, however great a scourge impaired driving may be, the search and seizure provisions of the Ohio and Federal constitutions remain (nominally) in effect in this state, and some indicia of impairment must exist before a police officer may intrude upon a citizen's liberty to conduct field sobriety tests. The majority's spinning out of a speeding violation into erratic driving (under two different headings) is make weight, as is its reliance on the opinion of the Eighth District in City of Richmond Heights. That court did not hold that speeding was, in and of itself, proof of erratic driving justifying the administration of field sobriety tests: it merely held that speeding justified a traffic stop. Id. at ¶ 22-23.
 {¶ 34} More importantly, I note the following exchange, from the cross examination of the sergeant by defense counsel:
 {¶ 35} Defense counsel: "So every time you smell an odor of alcohol at night, you detain — you have the driver perform field tests?"
 {¶ 36} Sgt. Dunbar: "Absolutely."
 {¶ 37} Prosecutor: "Objection."
 {¶ 38} The trial court: "Overruled." *Page 13 
 {¶ 39} That is, the sergeant admitted he requires performance of the field sobriety tests, when he does not have "specific, articulable facts showing a reasonable basis for the request." Evans at 62. This is an open violation of the right to be free of unreasonable search and seizure by the state, with the field sobriety tests, and the majority's elaborate analysis of the supposed legality of this search and seizure, merest window dressing for the violation.
 {¶ 40} I dissent. *Page 1